**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ARCHER FREIGHT LLC, an Illinois Limited Liability Company, | ) ) ) | |
| Plaintiff, | ) ) | |
| -vs- | ) ) | CASE No. |
| CARRIER411 SERVICES, INC., a Florida Corporation, | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) | |

## COMPLAINT AT LAW

NOW COMES Archer Freight LLC ("Plaintiff" or "Archer"), by and through its attorneys, ORLEANS CANTY NOVY, LLC, and MOSLEY MARCINAK LAW GROUP, LLP and for its Complaint at Law against CARRIER411 SERVICES, INC., states as follows:

## PARTIES

1.      Archer is a limited liability company existing under the laws of Illinois with its principal place of business in Burr Ridge, Illinois.

2.      Defendant Carrier411 Services, Inc. ("Carrier411") is a corporation existing under the laws of the State of Florida with its principal place of business in Lake Mary, Florida. Carrier411 does business in the State of Illinois.

## JURISDICTION AND VENUE

3.      This Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1332, as there is complete diversity amongst the parties and the amount in controversy exceeds $75,000.

4.      Plaintiff ARCHER is a citizen of Illinois.

5.      Defendant Carrier411 is a citizen of Florida, transacting business throughout the United States, including within this District.

1

6.    Venue is appropriate in this District pursuant to 28 U.S.C. §1391(b)(2) as a portion of the events and omissions giving rise to the claim occurred in Chicago, Illinois.

## FACTUAL BACKGROUND

7.  Carrier411 operates a website and service to multiple customers around the United States, including customers in Illinois.

8.  As part of Carrier411's website and services, Carrier411 provides information to its customers concerning motor carriers with authority from the Federal Motor Carrier Safety Administration ("FMCSA").

9.  As part of Carrier411's website and services, Carrier411 alerts its customers to motor carriers which may caused there to be complaints affecting their motor carrier authority at the FMCSA, including whether the motor carrier's authority has been downgraded or revoked by the FMCSA.

10. Carrier411's customers use and rely upon Carrier411's website and services to determine whether they should utilize certain motor carriers to perform services for the customers.

11. On or around August of 2022, Carrier411, through its agents listed Archer as having a problem with its motor carrier authority from the FMCSA.

12. Specifically, Carrier411 published on its website that Archer had an "issue" with its operating authority and did not have motor carrier authority. Instead, it published that Archer had an "application pending" with the FMCSA.

13. Archer, at all relevant times to this lawsuit, has had motor carrier authority with the FMCSA and did not have a pending application with the FMCSA, proof of which is attached as **Exhibit A** to this Complaint.

14. Carrier411's statements regarding Archer on the Carrier411's website have been and are false.

15. Archer has experienced damages in the form of customers refusing to use Archer with citation directly to the statements made by Carrier411 on Carrier411's website.

16. The statements made by Carrier411 on its website are accessible to all members of Carrier411, including existing customers and potential customers of Archer.

17. The posting of the false statements by Carrier411 has resulted in harm to Archer based on the damage to Archer's business reputation in the transportation industry.

### COUNT I- DEFAMATION PER SE

18. Plaintiff restates and realleges paragraphs 1 to 17 as Paragraph 18 as if fully set forth herein.

19. On or about August, 2022, Carrier411, published false words regarding Archer:

- CARRIER AUTHORITY            ISSUE

**FMCSA CARRIER AUTHORITY ALERT**
**This carrier does not have active authority and is not authorized to operate.**

| AUTHORITY STATUS | | APPLICATION PENDING | PENDING REVOCATION |
|---|---|---|---|
| COMMON | NONE | YES | NO |
| CONTRACT | NONE | NO | NO |
| BROKER | NONE | NO | NO |

A copy of this publication is attached hereto as **Exhibit B.**

20. The statements above are false.

21. The statements set forth above indicate that Archer is unable to perform its business duties as a motor carrier in interstate commerce and that Archer lacks ability to do business as a federally authorized and licensed motor carrier.

3

22. The defamatory nature of these statements is so obvious and apparent on the face of the statements that injury to Archer's reputation may be presumed.

23. These false statements have prejudiced Plaintiff in its trade, profession, and business.

24. These statements have caused harm to the reputation of Archer and lowered it in the eyes of the transportation community.

25. These statements have caused harm to the reputation of Archer and have deterred third persons from associating with Archer or contracting with Archer for business.

26. Archer has suffered actual harm as a result of the false statements made by Defendant, in the form of lost business revenue.

27. Defendant made the statements with actual malice and knowledge of the statements' falsity or with reckless disregard for their truth or falsity; therefore, Archer is entitled to punitive damages in addition to actual damages.

WHEREFORE, the Plaintiff, ARCHER FREIGHT, LLC, respectfully requests this Honorable Court to enter Judgment in its favor in an amount in excess of $75,000 against Defendant CARRIER411 SERVICES, INC., plus costs, attorneys' fees, all available interest including prejudgment and post-judgment interest as allowed by law, punitive damages, and for any other relief deems just under the circumstances.

## COUNT II- DEFAMATION PER QUOD

28. Plaintiff restates and realleges paragraphs 1 to 17 as Paragraph 28 as if fully set forth herein.

29. On or about August, 2022, Carrier411, published false words regarding Archer:

- CARRIER AUTHORITY                    ISSUE

**FMCSA CARRIER AUTHORITY ALERT**

**This carrier does not have active authority and is not authorized to operate.**

| AUTHORITY STATUS | | APPLICATION PENDING | PENDING REVOCATION |
|---|---|---|---|
| COMMON | NONE | YES | NO |
| CONTRACT | NONE | NO | NO |
| BROKER | NONE | NO | NO |

A copy of this publication is attached hereto as **Exhibit B.**

30. The statements above are false.

31. The statements set forth above indicate that Archer is unable to perform its business duties as a motor carrier in interstate commerce and that Archer lacks ability to do business.

32. These false statements have prejudiced Plaintiff in its trade, profession, and business.

33. These statements have caused harm to the reputation of Archer and lowered it in the eyes of the transportation community.

34. These statements have caused harm to the reputation of Archer and have deterred third persons from associating with Archer or contracting with Archer for business.

35. Archer has suffered actual harm as a result of the false statements made by Defendant, in the form of lost business revenue.

36. Archer has lost current customers and has lost prospective customers due to the false statements made by Defendant.

37. Defendant made the statements with actual malice and knowledge of the statements' falsity or with reckless disregard for their truth or falsity; therefore, Archer is entitled to punitive damages in addition to actual damages.

WHEREFORE, the Plaintiff, ARCHER FREIGHT, LLC, respectfully requests this Honorable Court to enter Judgment in its favor in an amount in excess of $75,000 against Defendant CARRIER411 SERVICES, INC., plus costs, attorneys' fees, all available interest

5

including prejudgment and post-judgment interest as allowed by law, punitive damages, and for any other relief deems just under the circumstances.

## COUNT III- FALSE LIGHT

38. Plaintiff restates and realleges paragraphs 1 to 17 as Paragraph 38 as if fully set forth herein.

39. Defendant's actions in publishing false statements about Archer as set forth above placed Archer in a false light before the public.

40. The false light that Defendant placed Archer in is highly offensive and would be highly offensive to a reasonable person.

41. Defendant acted with actual malice in making the statements set forth above, as Defendant had notice of the falsity of its information and could easily verify motor carrier authority via the publicly available FMCSA website, and then made such posting with knowledge that it was false. Further, Defendant knew or should have known of the falsity of the published statements.

42. Archer has suffered lost profits and customers and a damage to its business reputation as a result of Defendant's placing Archer in a false light.

43. As a direct and proximate result of Defendant placing Archer in a false light, Archer is entitled to actual and punitive damages.

WHEREFORE, the Plaintiff, ARCHER FREIGHT, LLC, respectfully requests this Honorable Court to enter Judgment in its favor in an amount in excess of $75,000 against Defendant CARRIER411 SERVICES, INC., plus costs, attorneys' fees, all available interest including prejudgment and post-judgment interest as allowed by law, punitive damages, and for any other relief deems just under the circumstances.

6

## COUNT IV- FRAUD

44. Plaintiff restates and realleges paragraphs 1 to 17 as Paragraph 44 as if fully set forth herein.

45. Defendant made false representations to persons and businesses about Archer as set forth above.

46. At the time that Defendant made the statements, Defendant knew that these statements were false.

47. Defendant intended to deceive the recipients of these false representations about Archer's business practices and reputation, Defendant calculated the statements to deceive, and the statements did in fact so deceive the recipients of the false statements.

48. Defendant intended for the false representations to be acted on by its customers so that the customers would not utilize Archer or engage in business with Archer.

49. Defendant's customers did act on the false representations by discontinuing business or refraining from doing business with Archer based on the false representations.

50. Defendant's false representations constitute fraud and resulted in damage to Archer including without limitation lost customers and profits and damage to Archer's business reputation.

51. As a direct and proximate result of Defendant's fraudulent actions, Archer is entitled to actual and punitive damages.

WHEREFORE, the Plaintiff, ARCHER FREIGHT, LLC, respectfully requests this Honorable Court to enter Judgment in its favor in an amount in excess of $75,000 against Defendant CARRIER411 SERVICES, INC., plus costs, attorneys' fees, all available interest

including prejudgment and post-judgment interest as allowed by law, punitive damages, and for any other relief deems just under the circumstances.

## COUNT V- TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS

52. Plaintiff restates and realleges paragraphs 1 to 17 as Paragraph 52 as if fully set forth herein.

53. At the time of the events giving rise to this Complaint, Archer had the expectation of entering into valid business relationships with third-parties.

54. Defendant knew of Archer's expectation of entering into valid business relationships with third-parties.

55. Defendant intentionally, and unjustifiably, interfered with Archer's expectation of business relationships by disparaging Archer. Defendant's actions caused a termination of Archer's expectancy of business relationships.

56. As a result of Defendant's intentional interference with Archer's expected business relationships, Archer has suffered damages including without limitation lost profits and customers and damage to Archer's reputation.

57. Defendants acted purposely and with malice with the intent to injure Archer by posting the false statements on a public forum with knowledge of the falsity of those statements.

58. As a direct and proximate result of Defendant's intentional interference with Archer's expected business relationships, Archer is entitled to actual and punitive damages.

59. Absent Defendant's interference, Archer was reasonably likely to develop prospective business relationships based on its good prior performance in the transportation industry.

WHEREFORE, the Plaintiff, ARCHER FREIGHT, LLC, respectfully requests this Honorable Court to enter Judgment in its favor in an amount in excess of $75,000 against Defendant CARRIER411 SERVICES, INC., plus costs, attorneys' fees, all available interest including prejudgment and post-judgment interest as allowed by law, punitive damages, and for any other relief deems just under the circumstances.

## COUNT VI- TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

60. Plaintiff restates and realleges paragraphs 1 to 17 as Paragraph 60 as if fully set forth herein.

61. At the time of the events giving rise to this Complaint, Archer had the valid business relationships and contracts with third-parties.

62. Defendant knew of Archer's valid business relationships and contracts with third-parties.

63. Defendant intentionally, and unjustifiably, interfered with Archer's business relationships and contracts with third-parties by disparaging Archer. Defendant's actions caused a termination of Archer's business relationships and contracts with third-parties.

64. As a result of Defendant's intentional interference with Archer's business relationships and contracts, third-parties have breached the contracts with Archer.

9

65. As a result of Defendant's intentional interference with Archer's business relationships and contracts, Archer has suffered damages including without limitation lost profits and customers and damage to Archer's reputation.

66. Defendants acted purposely and with malice with the intent to injure Archer by posting the false statements on a public forum with knowledge of the falsity of those statements.

67. As a direct and proximate result of Defendant's intentional interference with Archer's business relationships and contracts, Archer is entitled to actual and punitive damages.

68. Absent Defendant's interference, Archer was reasonably likely to continue its business relationships and contracts with third-parties based on its good prior performance in the transportation industry.

[Intentionally left blank]

WHEREFORE, the Plaintiff, ARCHER FREIGHT, LLC, respectfully requests this Honorable Court to enter Judgment in its favor in an amount in excess of $75,000 against Defendant CARRIER411 SERVICES, INC., plus costs, attorneys' fees, all available interest including prejudgment and post-judgment interest as allowed by law, punitive damages, and for any other relief deems just under the circumstances.

Respectfully Submitted,
ARCHER FREIGHT LLC, Plaintiff,

/s/ Jason Orleans_____
One of its Attorneys
ORLEANS CANY NOVY, LLC

Quinn P. O'Grady (ARDC #6330236)
Jason Orleans (ARDC #6258048)
ORLEANS CANTY NOVY, LLC
65 E. Wacker Place, Suite 1220
Chicago, IL  60601
Telephone: (847) 625-8200
qogrady@ocnlaw.com
jorleans@ocnlaw.com

Fred Marcinak
Lesesne Phillips
Mosley Marcinak Law Group, LLP
P.O. Box 26148
Greenville, SC 29616
Fred.marcinak@momarlaw.com
Lesesne.phillips@momarlaw.com
*Pro hac vice pending*